**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KATHY S. TALLEY,

          Plaintiff - Appellant,

  v.

MICHAEL J. ASTRUE,

          Defendant - Appellee.

No. 08-35827

D.C. No. 3:07-cv-06133-MO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted October 7, 2010
Portland, Oregon

Before: TASHIMA, PAEZ and CLIFTON, Circuit Judges.

     Kathy Talley appeals the district court order affirming the decision to deny

her disability benefits. We conclude that the ALJ did not give sufficient reasons for

disregarding or discrediting evidence from Talley's treating therapist, Pam Jones;

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

from Dr. Barbara Perry, an examining psychologist; and from Talley herself. We therefore reverse and remand for further proceedings before the ALJ.

The ALJ's decision did not account for or give a reason for discounting the testimony of Talley's treating therapist, Pam Jones. Testimony from a treating therapist qualifies as an "other source" under 20 C.F.R. § 404.1513(d). Such testimony from an "other source" can only be discounted by providing specific reasons, germane to the witness. *Stout v. Comm'r of Soc. Sec.*, 454 F.3d 1050, 1053 (9th Cir. 2006); *see* SSR 06-03p at *3, *5. That error was not harmless because we cannot conclude that "no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout*, 454 F.3d at 1056.

The ALJ improperly discredited evidence from Dr. Barbara Perry, an examining psychologist. The uncontradicted opinion of an examining doctor can only be rejected for clear and convincing reasons. *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). The ALJ's proffered reasons were unconvincing because they did not account for evidence that suggested an opposite result. *See Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). Moreover, the evidence provided by Pam Jones, which was improperly disregarded, would, if credited, contradict the ALJ's offered  reasons for discrediting the evidence of Dr. Perry and generally support her conclusions.

2

The ALJ did not provide sufficient reasons to discredit Talley's testimony. Where a claimant establishes that she suffers from impairments that might reasonably be expected to cause some degree of her alleged symptoms, the ALJ must present "specific, clear and convincing reasons" in order to reject her subjective testimony about the extent of her symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). The ALJ's proffered reasons were not convincing, and were taken selectively from the record while ignoring evidence that suggested an opposite result. *See Gallant*, 753 F.2d at 1456. Additionally, the improperly disregarded evidence provided by Pam Jones, if credited, would support Talley's testimony and undermine several of the ALJ's reasons for discrediting it.

**REVERSED and REMANDED for further proceedings.**